Filed 12/21/15  P. v. Marks CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>STEVEN LEE MARKS,<br><br>    Defendant and Appellant. | F069674<br><br>(Super. Ct. Nos. 225976 & 1467562)<br><br>**OPINION** |

<u>**THE COURT**</u>[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Thomas D. Zeff, Judge.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Kane, J. and Smith, J.

Appellant Steven Lee Marks appeals from the denial of a petition for certificate of rehabilitation and pardon. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Between December 1, 1985 and June 1, 1986, Marks engaged in sexual conduct with two victims (case No. 225976).

On August 25, 1987, the district attorney filed an information in case No. 225976 charging Marks with sodomy of a child under the age of 14 (count I/ Pen. Code, § 286, subd. (c)),[1] lewd and lascivious conduct with a child under the age of 14 (count III/§ 288, subd. (a)), and three counts of oral copulation with a child under the age of 16 (counts II, IV, and V/§ 288a, subd. (b)(2)).

On December 3, 1987, Marks pled no contest in count I to sodomy of a child under the age of 14 and in count IV to the lesser, related misdemeanor charge of lewd and dissolute conduct (§ 647, subd. (a)).

On January 29, 1988, Marks was granted probation on condition that he serve 300 days in local custody. Marks was also required to register as a sex offender.

On October 2, 1991, the court granted Marks's motion to set aside his plea (§ 1203.4). On December 13, 1991, the court issued an amended order granting Marks's motion to set aside his plea.

On May 28, 1996, Marks was convicted of petty theft, a misdemeanor, sentenced to five days in local custody, and placed on informal probation for three years.

On December 23, 1998, Marks was convicted of assault with a deadly weapon (§ 245, subd. (a)(1)). He was subsequently sentenced to a year in jail and placed on three years' formal probation. On December 19, 2013, his case was reduced to a misdemeanor pursuant to sections 17, subdivision (b)(3) and 1203.4.

---

[1]     All further statutory references are to the Penal Code.

On January 24, 2014, in case No. 225976 Marks filed a petition for certificate of rehabilitation and pardon pursuant to section 4852.01 (case No. 1467562).[2] Marks's probation order in case No. 225976 stated, "Any person convicted of a felony, the accusatory pleading of which has been dismissed pursuant to Section 1203.4, may file a petition for certificate of rehabilitation and pardon." In his petition Marks relied on this statement to contend he was entitled to a certificate of rehabilitation and pardon because the statement was an express promise that he would be allowed to seek this certificate regardless of any other convictions he might incur.

On May 30, 2014, the court denied Marks's petition.

Marks's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) However, in a document filed on December 10, 2014, Marks complains of several matters related to the requirement that he register as a sex offender, but he does not raise any issues with respect to the court's denial of his request for a certificate of rehabilitation.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

---

[2] Section 4852.01, subdivision (c) provides: "Any person convicted of a felony or any person who is convicted of a misdemeanor violation of any sex offense specified in Section 290, the accusatory pleading of which has been dismissed pursuant to Section 1203.4, may file a petition for certificate of rehabilitation and pardon pursuant to the provisions of this chapter if the petitioner has not been incarcerated in any prison, jail, detention facility, or other penal institution or agency since the dismissal of the accusatory pleading and is not on probation for the commission of any other felony, and the petitioner presents satisfactory evidence of five years residence in this state prior to the filing of the petition."